UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHONTA EBONY SHAREE
HENDERSON,

Plaintiff,

v.                                                        CAUSE NO. 3:22-CV-15-DRL-MGG

HAHN,

Defendant.

<u>OPINION AND ORDER</u>

Shonta Ebony Sharee Henderson, a prisoner without a lawyer, filed a complaint seeking injunctive relief to obtain 60 photo. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Ms. Henderson alleges 100 photos were mailed to her at the St. Joseph County Jail. She alleges she was given 40 photos, but 60 were withheld. She alleges Deputy Hahn, the "mail lady," withheld them because it was an excessive number of photos. Ms. Henderson was a pretrial detainee when this happened on December 27, 2021.

"As a general rule, prisoners have a constitutionally-protected interest in their incoming and outgoing mail correspondence." *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011). However, "an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) *quoting Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir.1987). Here, the 60 photos are not alleged to have been delayed for a short-term; they are alleged to have been indefinitely withheld.

A pretrial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). However, "[i]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id*. at 539. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). For a pretrial detainee to establish a claim under the Fourteenth Amendment, "it will not be enough to show negligence or gross negligence." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018). Here, the 60 photos are alleged to have been intentionally withheld.

Ms. Henderson sues for injunctive relief. There may be a legitimate nonpunitive governmental purpose justifying the withholding of these photos, but at the pleading stage, the complaint states a claim.

For these reasons, the court:

(1) GRANTS  Shonta Ebony Sharee Henderson leave to proceed against Deputy Hahn, the Mail Lady, in her official capacity for injunctive relief to obtain the 60 photos withheld from her on December 27, 2021, in violation of the First Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Deputy Hahn, the Mail Lady, at St. Joseph County Jail, with a copy of this order and the complaint (ECF 1); and

(4) ORDERS, under 42 U.S.C. § 1997e(g)(2), Deputy Hahn, the Mail Lady, to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 21, 2022                              *s/ Damon R. Leichty*
                                            Judge, United States District Court